

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2003

# Do Little Corp v. Bristol

Precedential or Non-Precedential: Non-Precedential

Docket 02-2971

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Do Little Corp v. Bristol" (2003). *2003 Decisions.* Paper 620.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/620

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-2971 & 02-3008
_____

DO LITTLE CORPORATION; JOSEPH W. DIEGIDIO, JR.,
INDIVIDUALLY AND IN HIS CAPACITY AS PRESIDENT OF
DO LITTLE CORPORATION; JOSEPH W. DIEGIDIO, SR., INDIVIDUALLY
AND IN HIS CAPACITY AS OWNER OF DIEGIDIO BUILDERS,

Appellants

v.

TOWNSHIP OF BRISTOL a/k/a BRISTOL TOWNSHIP; TOWNSHIP
OF BRISTOL COUNCIL a/k/a BRISTOL TOWNSHIP COUNCIL;
FRANCIS CLARK; KATHRYN HILL; WILLIAM TUTHILL; MARY
SOMMERER, INDIVIDUALLY AND IN THEIR RESPRECTIVE INDIVIDUAL
CAPACITIES AS MEMBERS OF THE BRISTOL TOWNSHIP COUNCIL;
JOHN ANNUNZIATA; SAMUEL FENTON, INDIVIDUALLY AND IN THEIR
INDIVIDUAL OFFICIAL CAPACITIES AS MAYORS OF THE TOWNSHIP
OF BRISTOL (a/k/a BRISTOL TOWNSHIP) AND AS MEMBERS AND
PRESIDENTS OF THE TOWNSHIP OF BRISTOL COUNCIL
(a/k/a BRISTOL TOWNSHIP); SUZANNE NEWSOME, INDIVIDUALLY AND
IN HER CAPACITY AS MANAGING DIRECTOR OF THE TOWNSHIP OF
BRISTOL (a/k/a BRISTOL TOWNSHIP); J.G. PARK ASSOCIATES, INC.;
NICK MORAN, INDIVIDUALLY, AS PRESIDENT OF J.G. PARK ASSOCIATES
AND AS THE TOWNSHIP OF BRISTOL (a/k/a BRISTOL TOWNSHIP)
ENGINEER; WILLIAM MAJOR ASSOCIATES; WILLIAM MAJOR,
INDIVIDUALLY IN HIS CAPACITY AS PRESIDENT OF WILLIAM MAJOR
ASSOCIATES, P.C. AND AS TOWNSHIP OF BRISTOL (a/k/a BRISTOL
TOWNSHIP) ENGINEER; THOMAS TIMBY, ESQUIRE; FRANCIS X. DILLION,
INDIVIDUALLY; TIMBY & DILLON, P.C., AS TOWNSHIP OF BRISTOL
(a/k/a BRISTOL TOWNSHIP) SOLICITOR

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civil Action No. 01-cv-02344)
District Judge: The Honorable Harvey Bartle, III

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 11, 2003

Before: ALITO and FUENTES, <u>Circuit Judges</u> and PISANO*, <u>District Judge</u>
(Opinion Filed: April 25, 2003)

_____

OPINION OF THE COURT
_____

FUENTES, <u>Circuit</u> <u>Judge</u>:

Appellant Do Little Corporation appeals the District Court's grant of summary judgment in favor of appellees Township of Bristol, Township of Bristol Council, Francis Clark, Kathryn Hill, William Tuthill, Mary Sommerer and Samuel Fenton on its 42 U.S.C. § 1983 claims. The issue on appeal is whether the District Court erred in concluding that Do Little Corp.'s 42 U.S.C. § 1983 claims against Bristol Township, the members of the Bristol Township Council and various other defendants are time barred by the statute of limitations. Because we agree with the District Court that Do Little Corp.'s action was not timely filed, we will affirm.

_____

* The Honorable Joel A. Pisano, United States District Judge for the District of New Jersey, sitting by designation. 1.

## I. Facts and Procedural Background

The factual allegations underlying this case are well known to the parties, and therefore, they are not detailed here, except to the extent that they directly bear upon the analysis. As pertinent to this appeal, on May 11, 2001, Do Little Corp. brought suit under 42 U.S.C. § 1983 alleging that the Township's decision to rebid a parcel of land known as "Runway Road," which the Township had previously voted to sell to Do Little Corp., violated its rights under the Fifth and Fourteenth Amendments. Defendants moved for summary judgment on the basis that Do Little Corp.'s claims were barred by the applicable two-year statute of limitations. Defendants asserted that any violations of § 1983 which occurred before May 11, 1999 were time barred and that plaintiff failed to allege any violation of its constitutional rights within the statutory period. Do Little Corp. asserted, in response, that its action was timely by virtue of the discovery rule and the continuing violations doctrine. The District Court concluded that plaintiff's § 1983 claims were time barred and granted summary judgment in favor of the defendants. Do Little Corp. timely appealed.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

The standard of review applicable to an order granting summary judgment is plenary.

See Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002). We apply the same test employed by a District Court under Federal Rule of Civil Procedure 56(c). See Kelley v. TYK Refractories Co., 860 F.2d 1188, 1192 (3d Cir. 1988). Accordingly, the District Court's grant of summary judgment in favor of the defendants was proper only if it appears that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In evaluating the evidence, we are required "to view [the] inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Bartnicki v. Vopper, 200 F.3d 109, 114 (3d Cir. 1999) (citation omitted).

### III. Discussion

The District Court reasoned that, as of March 29, 1999, Do Little Corp. had knowledge of its alleged injury or that such knowledge was then available to Do Little Corp. through the exercise of reasonable diligence. The Court based this conclusion on a letter dated March 29, 1999 through which Do Little Corp.'s attorney confirmed for Do Little Corp. that the Township had decided at its March 16, 1999 public meeting to rebid the Runway Road property and asked whether he should assert any rights Do Little Corp. had as a result of the previous bid process. In his letter, Do Little Corp.'s attorney explained that he could file an action seeking to enjoin the Township from rebidding the property. Do Little Corp. elected not to submit a bid and did not attempt to enjoin the sale.

The Court considered the notice advertising the rebidding which appeared in the

Bucks County Courier Times on June 10, 14, and 17, 1999 and the acceptance of Decker and Brennan's bid in July of 1999 to "constitute the delayed, but inevitable, consequence"of the Council's vote to re-bid the Runway Road property at its March 16, 1999 public meeting. Dist. Ct. Op., p. 10. The Court therefore rejected Do Little Corp.'s argument that its action was timely filed because it was only in July 1999 that Do Little Corp. discovered that the decision to rebid the property was based on improper motives and was conducted in an irregular manner. The Court also rejected Do Little Corp.'s argument that its action was timely under the continuing violations doctrine. The Court reasoned that continual ill effects from an original violation did not constitute a continuing violation, and merely indicated that the Township was following through on its vote to rebid the property. We discern no error in the District Court's analysis.

## IV. Conclusion

After carefully reviewing the arguments of the parties and applicable law, we affirm the District Court's grant of summary judgment in favor of defendants for substantially the reasons set forth in the District Court's thorough and well-reasoned opinion.

_____

TO THE CLERK OF THE COURT:
Kindly file the foregoing Opinion.

By the Court,

/s/Julio M. Fuentes
Circuit Judge

-5-